SEDGWICK, DETERT, MORAN & ARNOLD LLP
REBECCA A. HULL BAR No. 99802
rebecca.hull@sdma.com
KATHLEEN M. HURLY BAR No. 169907
kathleen.hurly@sdma.com
CARI A. COHORN BAR No. 249056
cari.cohorn@sdma.com
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Plaintiff
Metropolitan Life Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LUCIA DIAZ, an individual; MARINA DIAZ FLORES, an individual,<br><br>Defendants. | CASE NO. 3:08-cv-03762-WHA<br><br>[~~PROPOSED~~] ORDER APPROVING COMPROMISE SETTLEMENT BY INCOMPETENT ADULT DEFENDANT LUCIA DIAZ, BY AND THROUGH HER GUARDIAN AD LITEM, LUCIA ELIZABETH GRANGER |

WHEREAS MetLife filed the above-referenced Complaint in Interpleader against Lucia Diaz and her daughter, Marina Diaz, for the purpose of resolving their competing claims for life insurance benefits payable under the terms of the Pacific Gas and Electric Company Employee Welfare Plan as a consequence of the death of Jorge Diaz ("Decedent"). The Decedent was Ms. Lucia Diaz's husband and Marina Diaz's father. MetLife is a mere stakeholder and has no interest in how the remaining life insurance benefits are paid.

WHEREAS Ms. Lucia Diaz suffers from dementia and on April 2, 2009 this Court appointed her daughter, Lucia Elizabeth Granger as her Guardian ad Litem in this action. In

support of the petition to appoint Ms. Granger Guardian ad Litem, Ms. Granger declared under penalty of perjury that:

> I consent to act as [my mother's] Guardian ad Litem for purposes of this lawsuit. I understand that in that role, I am to represent her interests, not my own. I further understand that, if appointed Guardian ad Litem, I will have authority to enter into a settlement and release of claims on her behalf and that such release will be fully binding on her.

The parties thereafter agreed to settle their competing and disputed claims for life insurance benefits pursuant to the terms of the General Release attached as Exhibit A.

WHEREAS on July 30, 2009, this Court considered the proposed compromise of incompetent adult defendant Lucia Diaz' claims. Defendant Lucia Diaz appeared by and through her Guardian ad Litem, Lucia Elizabeth Granger. Defendant Marina Diaz Flores appeared on her own behalf. Kathleen M. Hurly, Esq. appeared on behalf of plaintiff Metropolitan Life Insurance Company.

WHEREAS Guardian ad Litem Lucia Elizabeth Granger told this Court that, on her mother's behalf, she agreed to the settlement as set forth in Exhibit A. Ms. Granger, who signed the General Release, stated that the settlement was in accordance her mother Ms. Lucia Diaz' wishes and was in her best interests. There was no objection to the settlement agreement by any party.

IT IS HEREBY ORDERED that defendant Lucia Diaz' compromise of her disputed claim, by and through her Guardian ad Litem, is approved.

IT IS SO ORDERED.

Dated: August 6, 2009



Hon. William Alsup
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

**GENERAL RELEASE**

For the purpose of this General Release ("Release") the following terms and definitions shall apply:

(a) "Releasors" shall mean Lucia Diaz ("Ms. Diaz"), an incompetent adult, by and through her duly-appointed guardian ad litem Lucia Elizabeth Granger ("Ms. Granger"), and Marina Diaz Flores ("Ms. Flores"), and their actual and potential heirs, devisees, executors, administrators, personal representatives, successors and assigns.

(b) "Releasees" shall mean Metropolitan Life Insurance Company ("MetLife"), Pacific Gas and Electric Company, Inc. ("PG&E") and the Pacific Gas and Electric Company Employee Welfare Plan as well as their past, present and future directors, officers, employees, agents, attorneys, stockholders, administrators, fiduciaries, parent corporations, subsidiaries, divisions, affiliates, successors and assigns.

(c) "The Plan" shall mean the Pacific Gas and Electric Company Employee Welfare Plan which is regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-1461, and any successor plans.

(d) "Plan Benefits" shall mean the group life insurance benefits payable under the terms of the Plan as a result of the death of Jorge Diaz ("Decedent").

(e) "Claims and Causes of Action" shall mean and include any and all claims, actions, injuries, lawsuits, obligations, actual legal fees and expenses, demands, benefits, debts, damages, losses, costs, expenses, losses of services, attachments, garnishments, judgments, actions and causes of action, of any nature whatsoever, whether in law or equity, now known or unknown, arising from, based upon or related to claims for Plan Benefits, whether direct or derivative, under federal and/or state statutory and/or common law.

SF/1596272v1

**WHEREAS,** the Decedent was a Plan participant; and

**WHEREAS,** PG&E is the Plan sponsor; and

**WHEREAS,** MetLife is the claim fiduciary of the Plan; and

**WHEREAS,** the latest beneficiary designation form on file with the Plan is dated March 10, 2007, and names Marina Diaz Flores, as a primary beneficiary for 75% of the Plan Benefits, and Alicia Villacorta, as a primary beneficiary for 25% of the Plan Benefits; and

**WHEREAS,** the prior beneficiary designation form on file with the Plan is dated June 8, 2005, and names Lucia Diaz, as a primary beneficiary for 75% of the Plan Benefits, and the Decedent's friend Alicia Villacorta, as a primary beneficiary for 25% of the Plan Benefits; and

**WHEREAS,** the Plan Benefits in the total amount of EIGHT THOUSAND DOLLARS, ($8,000) became payable on May 6, 2007; and

**WHEREAS,** on June 15, 2007, Lucia Diaz completed a Claimant's Statement regarding the Plan Benefits; and

**WHEREAS,** on or about July 13, 2007, MetLife made payment of the 25% of the Plan Benefits to Alicia Villacorta in the total amount of $2,005.84; and

**WHEREAS,** Plan Benefits in the amount of $6,000, plus any applicable interest ("Remaining Plan Benefits") remain payable as a consequence of the death of the Decedent; and

**WHEREAS,** on August 8, 2007, Marina Diaz Flores completed a Claimant's Statement regarding the Remaining Plan Benefits; and

**WHEREAS,** MetLife was informed that the March 10, 2007, beneficiary designation form may have been fraudulently created; and

**WHEREAS,** on September 6, 2007, MetLife sent a letter to Ms. Lucia Diaz and Ms. Marina Diaz Flores informing them that their claims were adverse to one another and raised

2

questions of fact and law that could not be resolved by MetLife without exposing the Plan to the danger of double liability, and gave them the opportunity to resolve their controversy in order to preserve the Remaining Plan Benefits from litigation costs and fees; and

**WHEREAS**, on or about August 6, 2008 MetLife brought the action entitled *Metropolitan Life Insurance Company v. Lucia Diaz and Marina Diaz Flores*, Case No.: CV 083762 in the United States District Court for Northern District of California (The "Interpleader Action.") in order for the Court to resolve the dispute between Releasors; and

**WHEREAS**, the Releasors have informed MetLife that they wish to resolve their claims to the Remaining Plan Benefits; and

**WHEREAS**, Lucia Diaz by and through her duly-appointed guardian ad litem Lucia Elizabeth Granger informed MetLife that she wishes to renounce and disclaim her interest in the Remaining Plan Benefits; and

**WHEREAS**, Releasees have no interest in the Remaining Plan Benefits, except to ascertain that they are paid in accordance with the terms of the Plan and ERISA; and

**NOW, THEREFORE**, in consideration of the agreements and representations contained herein, in accordance with the Plan, ERISA and the Releasors' compromise as follows: make payments as follows:

   Marina Diaz Flores shall receive SIX THOUSAND DOLLARS ($6,000), plus any applicable interest.

   Lucia Diaz shall receive ZERO DOLLARS;

and for other good and reliable consideration, Releasors agree as follows:

   Releasors' right to the settlement funds are contingent upon, and no funds may be released until there is, a signed Court Order approving a petition for incompetent adult's Compromise with respect to each and every Releasor who is an incompetent adult as of the date

3

SF/1596272v1

of the signing of this Release. The settlement of all parties is contingent upon the Court approving each and every incompetent adult's Compromise of Claim including the manner of payment of the funds compromising said claim. In the event the Court denies any incompetent adult's Compromise of Claim, or if any approval order is reversed or modified by an appellate court, the entire Release is null and void as respects all parties and sums paid shall be returned forthwith. Counsel for and/or the Guardian ad Litem for the incompetent adult Releasor agrees to file a petition approving the incompetent adult Releasor's release promptly following execution of this Release; and

1.  INCORPORATION OF WHEREAS CLAUSES: The preceding "**WHEREAS**" clauses are hereby incorporated into and made a material part of this Release.

2.  RELEASE: Releasors forever release, remise, and discharge Releasees from any and all Claims and Causes of Actions that each ever had, now has or may have, whether known or unknown and whether foreseen or unforeseen relating directly to the Plan or any sum of money under the Plan, or otherwise arising from the death of the Decedent.

In connection with this Agreement, Releasors acknowledge that each is aware that he/she or his/her attorneys may hereafter discover facts different from or in addition to the facts he/she now knows or believes to be true with respect to the subject matter of this Agreement, but that it is Releasors' intention to hereby fully, finally, absolutely and forever release any and all claims, disputes and differences which now exist, may exist or heretofore have existed between Releasors and the Releasees. In furtherance of such intentions, Releasors agree and understand that this Agreement shall not be subject to any claim of mistake of fact, duress, lack of mental capacity to execute the Agreement, or fraud and that it expresses the FULL, COMPLETE AND FINAL SETTLEMENT of any and all claims relating to the Plan Benefits and/or the Remaining

4

SF/1596272v1

Plan Benefits. In furtherance of such intentions, the general release given herein by Releasors shall be and remains in effect as a full and complete general release notwithstanding the discovery of any such different or additional facts. Releasors acknowledge that they have been informed by their respective attorneys and advisors of, and that they are familiar with, Section 1542 of the California Civil Code, which provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Releasors do hereby waive and relinquish all rights under Section 1542 of the California Civil Code to the full extent they may lawfully do so.

3. RENUNCIATION: Lucia Diaz, through her duly-appointed guardian ad litem Lucia Elizabeth forever renounces, releases, disclaims, and relinquishes for all time, any and all right, title, and interest she has or may have in the Remaining Plan Benefits and agrees and understands that as a consequence of her renunciation, the Remaining Plan Benefits will be paid as described above under the terms of the Plan.

4. DISMISSAL: Lucia Diaz by and through her duly-appointed guardian ad litem Lucia Elizabeth Granger and Marina Diaz Flores agree that the Interpleader Action shall be dismissed with prejudice, and MetLife, PG&E, and the Plan, shall be discharged from any and all further liability arising as a consequence of the death of the Decedent upon payment of the Remaining Plan Benefits as described herein. Releasors authorize their counsel or, if they choose not to obtain their own counsel, counsel for MetLife, to sign whatever documents are necessary to cause the dismissal of the Interpleader Action with prejudice.

5. VOLUNTARY EXECUTION/REPRESENTATION BY COUNSEL: Each Releasor understands, agrees and acknowledges that he or she has voluntarily entered into this

5

SF/1596272v1

Release without reliance on any statements or representations of Releasees or their representatives except as stated herein. Each Releasor represents that he or she has full legal capacity to enter into this Release and has done so willingly and voluntarily. Each Releasor further represents that he or she has read this Release prior to its execution and understands its terms, and each has had the opportunity to consult with counsel of his or her own choosing.

6. <u>GUARDIAN'S WARRANTY, HOLD HARMLESS AND INDEMNIFICATION</u>: Lucia Elizabeth Granger specifically warrants that she has been lawfully appointed to act on behalf of Lucia Diaz to compromise her claims for money, receive Lucia Diaz' money, settle, and litigate the Interpleader Action, and further will hold Releasees harmless and indemnify Releasees as a consequence of any claim or cause of action alleging that Lucia Elizabeth Granger was not duly-authorized to act as warranted herein or otherwise mismanaged or diluted Lucia Diaz' property.

7. <u>ENTIRE AGREEMENT</u>: This Release constitutes the entire agreement of Releasors and Releasees. This Release cancels and supersedes any and all prior agreements and negotiations by and between Releasors and Releasees. This Release shall not be modified, amended or superseded except in writing signed by Releasors and each Releasee. This Release does not amend, and it is not intended to be an amendment to, the Plan.

8. <u>ADMINISTRATIVE, TYPOGRAPHIC, OR MINISTERIAL ERROR</u>: This Release shall not be invalid as a consequence of any administrative, typographic, or ministerial error.

9. <u>NO ADMISSION OF LIABILITY OR WRONGDOING</u>: Neither by the consummation of this Release, nor by any other action, do Releasees acknowledge or admit the

taking of any wrongful action or the existence of any liability with respect to the administration of the Plan or any claim relating to the Remaining Plan Benefits.

10.   BENEFITS HAVE NOT BEEN PREVIOUSLY ASSIGNED: Each Releasor expressly warrants and represents that he or she has not assigned or transferred to anyone else any right, title, interest, or claim that he or she has or may have related to the Plan or Remaining Plan Benefits, and that he or she will indemnify Releasees and hold them harmless against any claims based on any assignment he or she has given.

11.   MAY BE EXECUTED IN COUNTERPARTS: This Release may be executed by each Releasor in separate, identical counterparts, each of which, so executed and delivered, shall be an original and all of which together shall constitute one and the same Release. Each Releasor understands and agrees that no Remaining Plan Benefits will be distributed under this Release until MetLife has received signed and notarized counterparts of the Release from all Releasors.

7

IT IS UNDERSTOOD AND AGREED THAT ANY AND ALL PAST, PRESENT AND FUTURE CLAIMS AND CAUSES OF ACTION RELATED TO THE REMAINING PLAN BENEFITS, AS SET FORTH ABOVE, ARE HEREBY FULLY AND FOREVER RELEASED AND EXTINGUISHED.

IN WITNESS WHEREOF, Releasors have signed this Release on the date set forth below.

STATE OF California :
                     : ss.:
COUNTY OF Solano :

_Lucia Elizabeth Granger_
Lucia Diaz by and through her
Guardian at Litem Lucia Elizabeth
Granger

Sworn to and subscribed before me by
Lucia Elizabeth Granger, Guardian at litem for
Lucia Diaz this 11th day of
_____June_____, 2009

_B Langston_
NOTARY PUBLIC
My commission expires: 12/17/2011

B LANGSTON
COMM. # 1785706
NOTARY PUBLIC-CALIFORNIA
SOLANO COUNTY
MY COMM. EXP. DEC. 17, 2011

*(Signatures continue on the following page)*
*********************************************

8

SF/1596272v1

STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

ss.:

*Marina Diaz Flores*
Marina Diaz Flores

Sworn to and subscribed before me by Marina Diaz Flores this 23rd day of June, 2009

_____
NOTARY PUBLIC
My commission expires: June 13, 2012

[Notary Seal: CARMELITA ZABALA GARCIA, Commission # 1801374, Notary Public - California, San Mateo County, My Comm. Expires Jun 13, 2012]

**END OF THIS NINE-PAGE DOCUMENT**

9

SF/1596272v1